**Affirmed and Memorandum Opinion filed May 21, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-24-00125-CV

## IN THE INTEREST OF K.A.G., A CHILD

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-00874J**

## MEMORANDUM OPINION

In this appeal from a final order terminating the parent-child relationship, the Father argues in two issues that the evidence is insufficient to support each of the trial court's predicate findings. Because we conclude that the evidence is sufficient to support at least one of the predicate findings, we overrule both issues and affirm the trial court's final order.

## BACKGROUND

When he was less than three months old, the Child was taken to the hospital by his parents because of abnormal behavior, including difficulty breathing and

inconsolable crying. Scans revealed that the Child had suffered multiple injuries to the head. He had subdural hematomas along with extensive retinal hemorrhaging, which eventually led to blindness. He also had healing fractures in his hand and clavicle.

A referral of physical abuse was made to the Department of Family and Protective Services, which removed the Child from his parents' care and placed him with a foster family. Subsequently, the Father was criminally charged with causing injury to the Child, and the Department moved to terminate the rights of both parents. The Mother voluntarily relinquished her rights, but the Father contested the termination, and his case proceeded to a nonjury trial.

After considering all of the evidence, the trial court found that the Department had proven predicate grounds (E) and (O), and that termination was in the best interest of the Child. *See* Tex. Fam. Code § 161.001(b)(1)(E) (endangerment by conduct); Tex. Fam. Code § 161.001(b)(1)(O) (failure to comply with family service plan).

The Father now appeals from that final order of termination. *See* Tex. Fam. Code § 263.405 (authorizing appeal from final order).

## ANALYSIS

To terminate the parent-child relationship, the trial court must make two findings. *See In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). First, the trial court must find that a predicate ground for termination has been satisfied, which typically requires proof by clear and convincing evidence that a parent has either committed a prohibited act or has failed to perform a required act. *See* Tex. Fam. Code § 161.001(b)(1). If the trial court finds such a predicate ground for termination, the

2

trial court must then find by clear and convincing evidence that termination is in the child's best interest. *See* Tex. Fam. Code § 161.001(b)(2).

The Father does not challenge whether the evidence is sufficient to support the trial court's best-interest finding. Rather, the Father only challenges whether the evidence is sufficient to support the trial court's predicate findings, which were made under grounds (E) and (O).

We must affirm the trial court's final order if the evidence is sufficient to support just a single predicate ground for termination. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) ("Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that a termination is in the child's best interest."). But when there is an appellate challenge to either predicate ground (D) or (E), as there is here, we must consider whether the evidence is sufficient to support either of those findings first. *See In re N.G.*, 577 S.W.3d 230, 235 (Tex. 2019) (per curiam) (explaining that due process requires a consideration of predicate grounds (D) and (E) because those grounds can have significant collateral consequences for parents in future termination proceedings involving different children). We accordingly begin with the Father's challenge to predicate ground (E).

To support a finding under predicate ground (E), the Department had the burden of showing that the Father has "engaged in conduct . . . which endangers the physical or emotional well-being of the child." *See* Tex. Fam. Code § 161.001(b)(1)(E). The Department was also required to carry this burden by clear and convincing evidence, which is greater than the simple preponderance standard that applies more commonly in civil cases. *See* Tex. Fam. Code § 161.001(b)(2). Under the standard for clear and convincing evidence, the measure or degree of proof must produce in the mind of the trier of fact a firm belief or conviction that the

allegation sought to be established is true. *See* Tex. Fam. Code § 101.007. This heightened burden of proof results in a "correspondingly searching standard of appellate review." *See In re A.C.*, 560 S.W.3d 624, 630 (Tex. 2018).

When reviewing the legal sufficiency of the evidence in a parental termination case, we consider all of the evidence in the light most favorable to the finding to determine whether a reasonable factfinder could have formed a firm belief or conviction that its finding was true. *See In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could have done so, and we disregard all evidence that a reasonable factfinder could have disbelieved. *Id.* This standard does not mean that we disregard all evidence that does not support the finding. *Id.* When deciding whether the finding is supported by clear and convincing evidence, we must also consider undisputed evidence contrary to the finding. *Id.*

In a factual-sufficiency review, we give due consideration to both the disputed evidence contrary to the finding as well as all of the evidence favoring the finding. *Id.* The evidence is factually insufficient if, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction. *Id.*

The Department's evidence of endangerment focused on the evidence leading up to the Child's hospitalization. This evidence showed that the Child experienced two seizures on two separate dates, and both times he was solely in the care of the Father. According to the Father, the Child's body "clamped up" during the first seizure for ten to fifteen seconds, and then the Child became normal and responsive again. Then, three days later, the Child had a second seizure. The Father picked up

the Child and the Child's arms fell to his sides like "dead weight." The Child then had difficulty breathing, which prompted the Father to administer CPR.

The Father testified that he did not recognize the Child's behavior as a seizure because the Child was not shaking, which is what the Father expected of a seizure. Nevertheless, after the second seizure, the Father waited more than three hours, until after the Mother got off work, to seek any form of medical attention. Once the Child received medical attention, a doctor made a diagnosis that the Child had suffered an injury consistent with a non-accidental traumatic head injury.

The Father suggests that the evidence is insufficient because no medical records were admitted into evidence and because no health care providers with personal knowledge of the Child's injuries ever testified. But a summary of the records was contained in the criminal affidavit, which was admitted without objection.

The Father also argues that testimony based on out-of-court statements and documents should have been excluded because of hearsay. But the Father never identifies in his brief which specific line of testimony was excludable, which was his burden. *See* Tex. R. App. P. 38.1(i). He also acknowledges that he did not preserve error on this point.

The Father then asserts that the testimony was conclusory. But again, the Father does not draw our attention to any specific line of testimony, which was also his burden.

The Father implicitly suggests that there was conclusory testimony regarding the nature of the Child's injuries because the testimony was sponsored by the caseworker and guardian ad litem, rather than by a health care provider. But the Father testified himself, and his own testimony established the same core set facts,

which is that the Child suffered "internal head bleeding," that the injuries were "very, very serious," and that the Child is now blind. The Father denied that he was the cause of these injuries, but he also denied that the Mother caused the injuries, and there was undisputed evidence that the Father was the only person caring for the Child at the time that the Child went into medical distress.

The Father finally challenges the evidence of his criminal history, including his pending criminal charge for causing bodily injury to the Child. We need not consider whether the Father's criminal history supports the trial court's finding. Based on the other evidence already discussed above, a reasonable factfinder could have formed a firm belief that, at the very least, the Father endangered the Child by neglecting to seek medical help on two occasions when the Child was in medical distress. *See In re J.D.*, 436 S.W.3d 105, 114 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (stating that an endangerment finding must be based on the parent's conduct, including acts, omissions, and failures to act). A reasonable factfinder could have also formed a firm belief that, at the very worst, the Father caused the Child's injuries, considering that the injuries were described as non-accidental and there was evidence that they occurred at a time when the Father was the Child's sole caregiver. *See In re K.H.G.*, No. 01-23-00675-CV, 2024 WL 1098202, at *10–12 (Tex. App.—Houston [1st Dist.] Mar. 14, 2024, no pet. h.) (mem. op.) (upholding an endangerment finding where there was evidence that the child sustained unexplained, non-accidental injuries while in the parent's primary care); *see also In re L.M.M.*, 522 S.W.3d 34, 45 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (recognizing that a reasonable factfinder can disbelieve a parent's testimony that he did not know how the child was injured).

Considering this evidence in the light most favorable to the judgment, we conclude that the evidence is legally sufficient to support the trial court's finding

that the Father engaged in conduct that endangered the Child's physical and emotional well-being. Further, in view of the entire record, we conclude that any disputed evidence is not so significant as to prevent the trial court from forming a firm belief or conviction that the Father engaged in endangering conduct. We therefore conclude that the evidence is legally and factually sufficient to support the trial court's finding under predicate ground (E).

This conclusion likewise means that we need not consider the Father's remaining issue that the evidence is legally and factually insufficient to support the trial court's other finding under predicate ground (O). *See* Tex. R. App. P. 47.1; *In re P.W.*, 579 S.W.3d 713, 728 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

## CONCLUSION

The trial court's final order is affirmed.

/s/ Tracy Christopher
   Chief Justice

Panel consists of Chief Justice Christopher and Justices Spain and Poissant.